IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL J. H. III,[1]                    6:19-cv-01731-BR

              Plaintiff,                 OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.


JOHN E. HAAPALA, JR.
401 E. 10th Ave., Ste 240
Eugene, OR  97401
(541) 345-8474

          Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

_____

       [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.  Where applicable, this Court uses the same
designation for the nongovernmental party's immediate family
member.


1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JUSTIN L. MARTIN**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3735

        Attorneys for Defendant

**BROWN, Senior Judge.**

        Plaintiff Michael J. H. III seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

        For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


### ADMINISTRATIVE HISTORY

        On September 2, 2015, Plaintiff protectively filed his application for SSI benefits.  Tr. 37, 291.[2]  Plaintiff alleges a

---

        [2] Citations to the official Transcript of Record (#9) filed by the Commissioner on April 13, 2020, are referred to as "Tr."

2 - OPINION AND ORDER

disability onset date of February 15, 2003.  Tr. 37, 291.
Although Plaintiff alleges a disability onset date of
February 15, 2003, a prior ALJ denied Plaintiff's claim on
February 1, 2012.  Plaintiff did not appeal that determination.
Tr. 37.

Plaintiff's September 2, 2015, application was denied
initially and on reconsideration.  An Administrative Law Judge
(ALJ) held a hearing on August 28, 2018.  Tr. 58-121.  Plaintiff
and a vocational expert (VE) testified at the hearing.
Plaintiff was represented by an attorney at the hearing.

On September 25, 2018, the ALJ issued an opinion in which
he found Plaintiff is not disabled and, therefore, is not
entitled to benefits.  Tr. 37-50.  Plaintiff requested review by
the Appeals Council.  On August 30, 2019, the Appeals Council
denied Plaintiff's request to review the ALJ's decision, and the
ALJ's decision became the final decision of the Commissioner.
Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On October 29, 2019, Plaintiff filed a Complaint in this
Court seeking review of the Commissioner's decision.


## **BACKGROUND**

Plaintiff was born on March 22, 1967.  Tr. 49, 291.

Plaintiff was 48 years old on his application date.  Tr. 49, 129.  Plaintiff has a high-school education.  Tr. 49, 78, 619, 1592.  Plaintiff has past relevant work experience as a chain puller, automotive-glass technician, driller, and sprinkler installer.  Tr. 312.

Plaintiff alleges disability due to neurocognitive disorder, Post-Traumatic Stress Syndrome (PTSD), Attention-Deficit/Hyperactivity Disorder (ADHD), back and neck injury/bulging disk, traumatic-brain injury (TBI), mood disorder, social-anxiety/generalized-anxiety disorder, dysthymia, and heart-valve damage.  Tr. 145, 310.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 40-49.


## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence

whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. § 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner

determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).

7 - OPINION AND ORDER

*See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since September 2, 2015, Plaintiff's application date.  Tr. 37, 40.

At Step Two the ALJ found Plaintiff has the severe impairments of "degenerative disc disease of the cervical, thoracic, and lumbar spines; "chronic derangement of the meniscus of the left knee (later onset 5/23/15)"; "cubital

tunnel syndrome (later onset 9/7/16)"; TBI by history; mood
disorder due to TBI; borderline intellectual functioning (BIF);
social anxiety disorder; dysthymia; generalized anxiety
disorder; PTSD, in partial remission; "attention deficit
hyperactivity disorder (ADHD)-combined type"; and "major
neurocognitive disorder due to TBI."  Tr. 40.

    At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P,
appendix 1.  Tr. 41.  The ALJ found Plaintiff has the RFC to
perform light work with the following limitations:  can
occasionally stoop; can reach, but only occasionally reach
overhead with his left arm; can handle and finger; can have
occasional exposure to hazards such as unprotected heights and
moving mechanical parts; can perform only unskilled work and
simple routine tasks with a reasoning level of two; can perform
only occupations where instructions are provided orally, math is
not required, and writing is not required; and can have limited
superficial interaction with coworkers and the public.  Tr. 43.

    At Step Four the ALJ concluded Plaintiff does not have any
past relevant work.  Tr. 49.

    At Step Five the ALJ found Plaintiff can perform other jobs

9 - OPINION AND ORDER

that exist in the national economy such as photocopy-machine operator, collator operator, and cleaner/housekeeper.  Tr. 50. Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 50.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) discounted Plaintiff's subjective symptom testimony and (2) partially rejected the medical opinions of Scott Alvord, Ph.D., and Wayne Taubenfeld, Ph.D., examining psychologists.

## I.    The ALJ did not err when he discounted Plaintiff's testimony.

Plaintiff contends the ALJ erred when he failed to provide legally sufficient reasons for discounting Plaintiff's subjective symptom testimony.

### A.    Standards

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The

10 - OPINION AND ORDER

claimant need not show her "impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Garrison*, 759 F.3d at 1014.

If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)(same).  General assertions that the claimant's testimony is not credible are insufficient. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007).  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

**B.   Analysis**

Plaintiff testified at his hearing that he "feels like

somebody ripped [his] soul out of [his] body" and "all [his] joints feel really loose." Tr. 92. Plaintiff stated he lies "in bed . . . wonder[ing] how long it's going to take to go away." Tr. 93. He also testified he does not have any friends, people "annoy" him, and he gets frustrated easily. Tr. 102.

    The ALJ discounted Plaintiff's symptom testimony on the grounds that Plaintiff's allegations of disabling impairments are incompatible with his level of daily activities, are inconsistent with his statements made to medical providers, and are not supported by the medical record. Tr. 45-46. For example, Plaintiff was able to care for his twelve-year-old son including driving him to school, attending parent/teacher conferences, cooking, managing his household, shopping, helping with homework, attending scouting activities, and attending soccer games. Tr. 44, 49, 322, 345, 738. In September 2016 Plaintiff reported he was "fairly active" and did "cardio exercises regularly." Tr. 1122. In July 2017 Plaintiff reported he exercised for 30 minutes every day. Tr. 1692. Plaintiff also testified he played pool with four friends "a couple times a month." Tr. 44, 99-100. In a May 2015 vocational rehabilitation services examination Plaintiff indicated he was unable to read or to remember basic

information.  Tr. 636.  In October 2016, however, Plaintiff was described as having "good judgment," "normal mood and affect and active and alert," and "normal" recent and remote memory. Tr. 935.

The ALJ also noted Plaintiff received minimal treatment for his conditions and was noncompliant with treatment recommendations.  Tr. 45.  The ALJ pointed out that Plaintiff admitted he does not have a history of any counseling or emergency psychiatric treatment, has not received any counseling since 2016, and does not take any mental-health medication on a daily basis.  Tr. 45.  For example, in August 2017 Plaintiff had a prescription to take alprazolam three times a day, but the following month he reported he only took a half-tablet twice a day.  Tr. 45, 1683, 1677.  In September 2016 a nerve conduction/electromyogram study showed mild-to-moderate cubital-tunnel syndrome (Tr. 1025), and the ALJ noted there was not any evidence in the record of further treatment.  Tr. 47. Similarly, the ALJ also pointed out that there was not any record of follow-up treatment after a 2016 MRI of Plaintiff's cervical spine showed moderate multilevel spondylosis and Plaintiff was referred for a neurosurgical consultation. Tr. 47, 955.

In addition, the ALJ concluded the medical records did not support Plaintiff's subjective symptom allegations. Tr. 46-47. For example, the ALJ noted mental-status examinations showed Plaintiff appeared active, alert, and fully oriented; displayed normal mood and affect; had normal speech, normal thought process, and good insight and judgment; did not have any deficits in attention and concentration; and displayed intellectual ability in the low-average range. Tr. 46, 48, 935, 1594. Physical examinations were also unremarkable and generally showed Plaintiff has normal muscle strength; normal range of motion; normal reflexes; normal gait; and is able to perform physical tests such as toe-walking, heel-walking, tandem walking, and partial squats. Tr. 41, 47, 738-39, 1573.

On this record the Court concludes the ALJ did not err when he discounted Plaintiff's subjective symptom testimony because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**II. The ALJ properly discounted the opinion of Dr. Alvord, and any error regarding Dr. Taubenfeld's opinion was harmless.**

Plaintiff contends the ALJ erred when he failed to provide legally sufficient reasons for rejecting the opinions of Drs. Alvord and Taubenfeld.

14 - OPINION AND ORDER

### A.    Standards

"In disability benefits cases . . . physicians may
render medical, clinical opinions, or they may render opinions
on the ultimate issue of disability - the claimant's ability to
perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir.
2014).  "In conjunction with the relevant regulations, [courts]
have . . . developed standards that guide [the] analysis of an
ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc.
Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is
contradicted by another doctor's opinion, an ALJ may only reject
it by providing specific and legitimate reasons that are
supported by substantial evidence." *Id.*  When contradicted, a
treating or examining physician's opinion is still owed
deference and will often be "entitled to the greatest
weight . . . even if it does not meet the test for controlling
weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007).  An
ALJ can satisfy the "substantial evidence" requirement by
"setting out a detailed and thorough summary of the facts and
conflicting clinical evidence, stating his interpretation
thereof, and making findings." *Reddick,* 157 F.3d at 725.  "The
ALJ must do more than state conclusions.  He must set forth his

own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

**B.   Analysis**

**1.   Dr. Alvord**

On August 16, 2018, Dr. Alvord performed a psychological evaluation of Plaintiff.  Tr. 1591-1601. Dr. Alvord diagnosed Plaintiff with Somatic Symptom Disorder, NOS; rule out Conversion Disorder (mixed symptoms); Bipolar II; and Anxiety Disorder, NOS.  Tr. 1595-96.  Dr. Alvord opined Plaintiff has a mild-to-moderate impairment in his ability to understand, to remember, and to carry out instructions; a moderate impairment in his ability to interact appropriately with supervisors, coworkers, and the public; and a moderate impairment in his ability to respond to changes in a routine work setting.  Tr. 1597-98.  Dr. Alvord concluded Plaintiff's psychiatric impairments would preclude Plaintiff from performing for five percent of the workday, and Plaintiff would miss three or four days of work per month.  Tr. 1600.

The ALJ gave "little weight" to Dr. Alvord's opinion on the ground that it is not consistent with the objective medical evidence, including a lack of counseling treatment and normal mental-status examinations.  Tr. 48.  For example, the

16 - OPINION AND ORDER

Plaintiff admitted he does not have any history of counseling or emergency psychiatric treatment, has not received any counseling since 2016, and does not take any mental-health medication on a daily basis.  Tr. 45.  The ALJ also noted mental-status examinations showed Plaintiff appeared to be active, alert, and fully oriented; displayed normal mood and affect; had normal speech, normal thought process, and good insight and judgment; did not have any deficits in attention and concentration; and displayed intellectual ability in the low-average range. Tr. 46, 48, 935, 1594.

The ALJ also concluded Dr. Alvord's opinion was internally inconsistent.  Tr. 48.  For example, Dr. Alvord stated Plaintiff's contemporaneous objective testing indicated normal thought processes, normal thought content, normal speech, normal long-term and short-term memory, a good ability to perform calculations, good digit recall, a normal fund of information, normal abstract thinking, low-to-average intellectual functioning, and no sign of brain injury. Tr. 1593-95.  Dr. Alvord opined Plaintiff has only moderate limitations in most areas of functioning, but he concluded Plaintiff would miss three or four days of work per month. Tr. 49, 1598, 1600.

17 - OPINION AND ORDER

Finally, the ALJ found Dr. Alvord improperly relied on Plaintiff's own assessment of his symptoms and impairments, which the ALJ found to be unreliable.  Tr. 37.  The ALJ may discount a doctor's opinion when it is based on a claimant's unsupported symptom testimony.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  As noted, the Court has concluded the ALJ properly discounted Plaintiff's symptom testimony.

On this record the Court concludes the ALJ did not err when he discounted the opinion of Dr. Alvord because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

### 2.  Dr. Taubenfeld

On April 30, 2015, Dr. Taubenfeld performed a neuropsychological examination of Plaintiff. Tr. 618-34. Dr. Taubenfeld diagnosed Plaintiff with mood disorder due to TBI, major neurocognitive disorder due to TBI, social anxiety disorder, dysthymia, generalized anxiety disorder, PTSD in partial remission, ADHD-combined type, and borderline intellectual functioning with avoidant and dependent traits. Tr. 632.  Dr. Taubenfeld also noted Plaintiff had "vocational, social problems" and "severe symptoms/difficulties in social and occupational functioning."  Tr. 632.  Dr. Taubenfeld opined

Plaintiff has difficulty learning new tasks; has a limited ability to recall task sequences; reads, spells, and does math at or below a fifth-grade level; has significantly reduced work speed; is unable to process complex information needed on a job; lacks the emotional stamina to perform essential functions of a job; and may be unable to sustain attention sufficient to perform essential job functions.  Tr. 633.  Dr. Taubenfeld also opined Plaintiff has limited memory skills, has limited work speed, may have difficulty coping with emotional demands and stress of work, may have difficulty maintaining emotional stability, has some difficulty sustaining attention, and has a lack of self-esteem and self-confidence.  Tr. 634.

The ALJ gave "little weight" to Dr. Taubenfeld's assessment on the grounds that it is inconsistent with the objective medical evidence; appeared to "parrot" a previous assessment in 2009 by Keith Murdock, N.C.S.P., an educational school psychologist (Tr. 402-14); and relied on Plaintiff's inconsistent statements of his ability to function and his performance on tests, which the ALJ indicated Plaintiff would be able to control or to manipulate.  The ALJ also noted Plaintiff's functioning, "when observed by others," was greater than that found by Dr. Taubenfeld.  Tr. 48-49.

19 - OPINION AND ORDER

The ALJ, however, failed to point to any specific objective medical evidence that is inconsistent with Dr. Taubenfeld's opinion, failed to provide a thorough and detailed summary of the facts and any conflicting medical evidence, and merely provided a conclusory interpretation of the evidence.  The ALJ also did not point to any conflict or inconsistency between the opinions of Dr. Taubenfeld and Dr. Murdock's earlier assessment or explain how Dr. Taubenfeld's assessment was discredited by the fact that it is similar to Dr. Murdock's earlier assessment.

In addition, the ALJ also discounted Dr. Taubenfeld's opinion on the ground that it relied on the Plaintiff's test performances, which the ALJ indicated Plaintiff would be able to control or to manipulate.  Dr. Taubenfeld, however, specifically noted:  "Through the use of standardized testing procedures, and [Plaintiff's] overall cooperation with testing, the results obtained are considered to be a valid representation of his cognitive functioning and academic achievement.  All tests were administered utilizing standardized procedures.  The . . . scores are considered to be a valid and reliable representation of [Plaintiff's] ability."  Tr. 621.

Finally, as noted, the ALJ concluded Plaintiff's

20 - OPINION AND ORDER

functioning "when observed by others (such as seen in B12F) is
much greater than found by Dr. Taubenfeld." Tr. 49.  Exhibit
B12F is over 350 pages of Plaintiff's medical records from Mercy
Medical Center.  Tr. 1087-1438.  Although the ALJ referenced
this exhibit sparingly in other places in his opinion, he did
not correlate those few references with Dr. Taubenfeld's
assessment.

      Accordingly, on this record the ALJ erred when he
failed to provide legally sufficient reasons for discounting
Dr. Taubenfeld's opinion.  The Court, however, notes Plaintiff
concedes Dr. Taubenfeld's opinion is consistent with the later
opinion of Dr. Alvord (Plf.'s Br. (#14) at 15), and the Court
has concluded the ALJ properly discounted Dr. Alvord's opinion.
Accordingly, the Court concludes the ALJ's failure to provide
legally sufficient reasons for discounting Dr. Taubenfeld's
opinion was harmless error.


<u>**CONCLUSION**</u>

      For these reasons, the Court **AFFIRMS** the decision of the

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 16th day of November, 2020.

                    /s/ Anna J. Brown
    _____
    ANNA J. BROWN
    United States Senior District Judge

22 - OPINION AND ORDER